**IN THE UNITED STATES DISTRICT COURT FOR THE**
**WESTERN DISTRICT OF MISSOURI**
**SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| FREDERICK J. GUENTHER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:19-CV-05087-SRB |
| | ) | |
| STEPHANIE M. KIMMELL, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

On October 31, 2019, Frederick Joseph Guenther made a *pro se* filing with this Court.

(Doc. #1). In that *pro se* filing, entitled "Affidavit of Lawful/Legal Notice of Removal from

Circuit Court to Federal Court," Guenther purported to remove a case from state to federal court.

(Doc. #1, p. 1). The Court construed Guenther's *pro se* filing as a complaint and on March 5,

2020, issued an Order to Show Cause directing Guenther to file a statement explaining why this

case should not be dismissed for lack of subject-matter jurisdiction. (Doc. #5). On March 20,

2020, Guenther filed a *pro se* motion for an extension of time. (Doc. #6). This Court granted

Guenther's *pro se* motion for an extension of time, giving him until and including April 9, 2020,

to file a statement explaining why this case should not be dismissed for lack of subject-matter

jurisdiction. (Doc. #7). As of today's date, Guenther has not filed a statement with this Court.

Federal courts are courts of limited jurisdiction. *Gunn v. Minton*, 568 U.S. 251, 256

(2013). The issue of whether a court lacks subject-matter jurisdiction may be raised *sua sponte*

at any time. *Bueford v. Resolution Tr. Corp.*, 991 F.2d 481, 485 (8th Cir. 1993); *see also*

*Thomas v. Basham*, 931 F.2d 521, 523 (8th Cir. 1991) ("[J]urisdiction issues will be raised sua

sponte by a federal court when there is an indication that jurisdiction is lacking, even if the

parties concede the issue.").  The plaintiff bears the burden of establishing subject-matter jurisdiction.  *Jones v. Gale*, 470 F.3d 1261, 1265 (8th Cir. 2006).  A "court may dismiss an action *sua sponte* at any time when subject matter jurisdiction is lacking."  *K.F. v. Francis Howell R-III Sch. Dist.*, No. 4:07CV01691 ERW, 2008 WL 723751, at *2 (E.D. Mo. Mar. 17, 2008); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

As discussed in this Court's prior Order to Show Cause, Guenther has not established the existence of subject-matter jurisdiction.  There is no diversity jurisdiction because the parties are not diverse.  *See* 28 U.S.C. §§ 1332(a), 1441(a).  There is also no federal-question jurisdiction because Guenther fails to present a federal question on the face of his complaint, no matter how liberally this Court construes it.  *See* Fed. R. Civ. P. 8(a)(1)–(2) (a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *see also Hassett v. Lemay Bank & Tr. Co.*, 851 F.2d 1127, 1129 (8th Cir. 1988) ("private misuse of a statute by a private actor is not sufficient to state a claim under [§] 1983").  Since this Court lacks jurisdiction over Guenther's claims, it must dismiss this case.

Accordingly, this case is hereby **DISMISSED** without prejudice due to a lack of subject-matter jurisdiction.

**IT IS SO ORDERED.**

/s/ Stephen R. Bough
STEPHEN R. BOUGH
UNITED STATES DISTRICT JUDGE

Dated: <u>April 14, 2020</u>